217 F.Supp.2d 1376 (2002)
In re DAIMLERCHRYSLER CORP. SEAT BELT BUCKLE PRODUCTS LIABILITY LITIGATION
Beatrice Coker, et al.
v.
Daimler-Chrysler Corp., N.D. Georgia, C.A. No. 1:02-903
Linda K. Hiller, et al.
v.
Daimler-Chrysler Corp., D. Massachusetts, C.A. No. 1:02-10533
No. 1480.
Judicial Panel on Multidistrict Litigation.
August 12, 2002.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

ORDER DENYING TRANSFER
WILLIAM TERRELL HODGES, Chairman.
This litigation now consists of two actions pending in the Northern District of Georgia and the District of Massachusetts, respectively. Defendant DaimlerChrysler Corp. moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Michigan. Responding plaintiffs oppose the motion. If the Panel deems centralization appropriate, they suggest centralization in the Northern District of Ohio.
On the basis of the papers filed and hearing session held, the Panel finds that *1377 Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions involved in this docket, movant has failed to persuade us that any common questions of fact are sufficiently complex to warrant Section 1407 centralization. We point out that alternatives to Section 1407 transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation, 188 F.Supp.2d 1380 (Jud.Pan. Mult.Lit.2002); see also Manual for Complex Litigation, Third, § 31.14 (1995).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.
NOTES
[*] Judge Sear took no part in the decision of this matter.